the payment of the mortgage when it took the conveyance of the property. So much being assumed, the result arrived at by the court followed inevitably. If, in the present case, the complaint properly alleged as a fact the assumption of the debt by the defendant when it purchased the property at the foreclosure sale, a different question would be presented from' that with which we have now to deal. The present complaint is no more sufficient than that in the former action, and for that reason alone, without discussing the sufficiency of the defenses, the demurrer must be overruled, with costs.

Demurrer overruled, with costs.

---

### CHAMBERS v. ALLEN et al.

(Supreme Court, Appellate Division, First Department.   May 10, 1901.)

ACTION ON NOTE—PLEADING—REPLY.
    Where, in an action on a note, the answer sets up that plaintiff was not a bona fide holder for value, before maturity, plaintiff must reply and admit or deny the allegations of the answer.

Appeal from special term, New York county.

Action on a note by Sidney C. Chambers against Isaac Allen and Alexander S. Bacon. The answer of Bacon alleged that the plaintiff was not a bona fide holder for value. From an order requiring plaintiff to reply to the allegations of the answer, he appeals. Affirmed.

The following is the opinion of the lower court (SCOTT, J.):

"The defendant Bacon is entitled to know how the plaintiff proposes to meet the affirmative defense set up in his answer. The motion for a reply will be granted."

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Hill, Sturcke & Andrews, for appellant.
Nichols & Bacon, for respondents.

PER CURIAM.   Order affirmed.

---

(36 Misc. Rep. 253.)

### AMERICAN MORTG. CO. v. BUTLER et al.

(Supreme Court, Special Term, New York County.   November, 1901.)

1. MECHANIC'S LIEN—EXCESSIVE CLAIM—MORTGAGE FORECLOSURE.
    In proceedings to distribute surplus moneys on foreclosure of a mortgage, the fact that the referee decided that one mechanic's lienor or his assignee had a prior claim over another such lienor, but that his claim of lien was in excess of the sum due, does not avoid the lien, where there were no findings that the lien was willfully and intentionally false.

2. SAME—COSTS.
    In proceedings for the distribution of surplus moneys on foreclosure, the successful party is entitled to costs and disbursements.